### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JOSE ANDINO, #175434**                                                          **PLAINTIFF**

**VS.**                                                          **CAUSE NO. 1:15-cv-00040-RHW**

**RON WOODALL**                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is [27] a motion for summary judgment filed November 13, 2015 by the Defendant Ron Woodall in this prisoner civil rights lawsuit.  Dr. Woodall argues there is no genuine issue of material fact and that he was not deliberately indifferent to the serious medical needs of the plaintiff.  On December 18, 2016, Plaintiff Jose Andino filed [34] a declaration in opposition to the motion.  Nothing has been filed since that time, and the matter is ripe for ruling.  On June 30, 2015, the Court conducted an omnibus hearing at which the parties consented to the exercise of jurisdiction by the United States Magistrate Judge under 28 U.S.C. § 636(c) and FED.R.CIV.P. 73.  By order entered July 1, 2015, the case was reassigned to the undersigned for all further proceedings.  [20], [21], [27-3, pp. 5-6]

### Facts and Procedural History

Jose Andino is serving twenty (20) years in the Mississippi Department of Corrections (MDOC) for a conviction of DUI resulting in death.  Andino is confined at South Mississippi Correctional Institution (SMCI), and according to the MDOC web site, he is tentatively scheduled for release on May 17, 2028.  In his complaint, which is dated January 29, 2015 and was filed by the Clerk on February 11, 2015, Andino alleges he has been denied constitutionally adequate medical care for a back injury he sustained at SMCI.  Dr. Woodall was one of the physicians who provided medical care for inmates at SMCI.

Andino alleged in his pleadings and testified at the hearing that on January 14, 2014, as he waited in line to receive his diabetes medication, an altercation broke out between an officer and a fellow inmate. Unable to get out of the way, Andino was knocked to the floor and the combatants landed on his back, injuring his spine. He filed this lawsuit on February 11, 2015, complaining about the type of treatment he received from the prison medical staff after his accident. In his complaint, Andino states he requested medical attention, and was seen on January 16, 2014 and given pain medication. Andino's medical records[1] document the reported injury of January 14, 2014, and indicate he saw the nurse January 17, 2014 and was referred to the doctor. [30-4, p. 3], [30-19, pp. 2-4] Dr. Woodall saw Andino on January 21, 2014, diagnosed lumbar strain with history of degenerative disc disease, and prescribed medications. [30-19, pp. 6-7] When Andino complained of continued back pain, he received another injection on February 10, 2014, his Flexeril was continued, and Elavil increased, and he was given liniment and advised on the use of heat and back strengthening exercises. [30-19, pp. 16-21]

Andino alleges x-rays taken in July 2014 showed a slipped disc, and he wants to see a specialist who can "fix the slipped disc," but Dr. Woodall has done nothing for him except give him pain medication. [1, pp. 4-5], [27-3, pp. 7-8] According to the medical records, Andino reportedly passed out on the zone due to back and neck pain on July 10, 2014. He was treated in the medical department, received Toradol and Solumedrol injections and x-rays were ordered. [30-22, pp. 1-6, 9, 12] The x-rays showed degenerative joint and disc disease and a slight compression fracture at T-12 of "age indeterminate." [30-23, pp. 1-3] Andino received more injections in late July, August [30-23, p. 14] and October 2014, as well as other medications. When he complained that Tegretol did not work for his pain, the Tegretol was discontinued and

---

[1] The medical records total 751 pages, a copy of which was provided to Andino at the hearing on June 30, 2015. [27-3, p. 14]

replaced with Neurontin which he continued to receive in December 2014 and January 2015, along with Mobic, Toradol and Flexeril.  [30-24, pp. 7-8, 11, 24], [30-25, p. 20], [30-26, pp. 17, 25], [30-27, pp. 1-2]

Andino's records actually show a long history of back complaints predating the January 2014 accident.[2]  The records include a reported fall on January 9, 2014 just days before the incident of which he complains.[3]  In the radiology report for x-rays taken on January 10, 2014 due to that fall, the radiologist noted Andino has "DJD (degenerative joint disease) and disc djd (degenerative joint disease) in mid to lower c spine," but found alignment satisfactory and no evidence of fracture.  [30-4, p. 4], [30-18, pp. 20-21]

Dr. Woodall's affidavit acknowledges Andino's complaints of back and neck pain, for which Andino has received injections of Toradol, a non-steroidal anti-inflammatory used to treat pain and inflammation, prescriptions for Tegretol and Neurontin to treat nerve pain, Mobic which is a pain medication, Elavil which can be used as a muscle relaxer, Naproxen and Tylenol, and had x-rays taken.  According to Dr. Woodall, Andino has degenerative disc disease, but "does not have a surgical condition nor does he need referral to a surgeon."  [27-1]  Andino's declaration in opposition to the summary judgment motion complains that Dr. Woodall's

_____

[2]For example, in June and July 2012, Andino complained of chronic back pain for which he was prescribed pain medication, given a cane, assigned a bottom bunk, and had x-rays which showed degenerative joint disease, degenerative changes and spurring and degenerative arthritis.  [30-9, pp. 15-22], [30-7, p. 12]  In August 2012 he had chronic back/hip pain for which he was prescribed Naproxen.  [30-10, pp. 2-3]  When he was transferred to SMCI on September 11, 2012 he was noted to have degenerative arthritis.  [30-10, pp. 11, 13]  He was prescribed medication for back pain and an arthritis diet on September 24, 2012 and an x-ray was ordered.  [30-10, pp. 19-20, 23-25] Similar complaints and treatment continued throughout 2012-2013. [30-5, pp. 2, 13], [30-6, pp. 2, 15-16, 21], [30-11, pp. 5, 12], [30-12, pp. 5, 11, 13, 15], [30-13, pp 2-4, 14, 21], [30-14, pp. 6, 8, 16-17], [30-15, pp. 24-25].

[3]Andino claimed his neck and lower back were injured when he was pushed down by inmates in an altercation or horseplay.  He was given an injection of Solumedrol, and prescribed additional medications including Flexeril.  [30-18, pp. 21-24]

treatment "for two years has not eased or cured the problem [he] has with chronic pain," that the treatment "has not worked" and Andino's request to see a specialist has been ignored.  [34]

## Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a); see also *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 812 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc*., 627 F.3d at 138.  In deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Id*.  On a motion for summary judgment, the Court does not make credibility determinations or weigh the evidence.  *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  The movant must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact, but once he has done so, the non-movant who bears the burden of production at trial "must come forward with specific facts showing that there is a genuine issue for trial." *Cuadra*, 626 F.3d at 812.  "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

**Deliberate Indifference to serious medical needs:**

The Constitution guarantees prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845 at *4 (E.D. La., April 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). Violation of an inmate's federal constitutional right to medical care occurs only where prison officials know of and are deliberately indifferent to the inmate's serious medical needs. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. Deliberate indifference cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not give rise to a § 1983 cause of action. *See*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not will be sufficient to establish deliberate indifference." *Smith v. Cooper*, 2011 WL 3115850, *4 (W.D. La. 2011); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It is Andino's burden to demonstrate that Dr. Woodall knew of, and was deliberately indifferent to, his serious medical needs. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs").

Andino's voluminous medical records show he regularly sought and received medical attention from doctors, nurses, and health care personnel at the prison who addressed his complaints, monitored his medical conditions, and prescribed, adjusted and administered

treatment and medications as deemed medically necessary.  Andino's records and Dr. Woodall's affidavit establish that when Andino requested medical attention, he received it.  Dr. Woodall's medical opinion is that Andino's back condition does not indicate a need for surgery. "[M]edical judgments are not to be lightly second-guessed in a federal civil rights action." *Castro v. Louisiana*, 2008 WL 5169401, at *4 (E.D. La. December 8, 2008).  Andino's disagreement with his treatment does not state a constitutional claim for deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Spriggins*, 2012 WL 1135845 at * 4, quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  That Andino wants different treatment does not entitle him to it. *See*, *Gamage v. Wexford Health Sources, Inc.*, 2013 WL 704933 at *5 (S.D. Miss., February 26, 2013); *Davidson v. Texas Dept. of Criminal Justice*, 91 Fed.Appx. 963, (5th Cir. 2004); *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012).

The Constitution does not guarantee Andino the best medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7 (S.D. Miss. September 25, 2006).  The standard by which this case must be judged is deliberate indifference to serious medical needs.  The Eighth Amendment prohibition against cruel and unusual punishment is violated "when [prison officials] are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain."  *Davidson v. Texas Dep't of Criminal Justice,* 91 Fed. Appx. 963, 964 (5th Cir. 2004), citing *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).  "[T]he determinative issue ... is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is

only whether his serious medical needs were met with *deliberate indifference*." *Spriggins*, 2012 WL 1135845 at * 5.  As the Court of Appeals for the Fifth Circuit has stated this "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  A finding of deliberate indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants."  *Johnson*, 759 F.2d at 1238.  The evidence before the Court does not demonstrate such wanton actions on the part of Dr. Woodall in his treatment of Andino's back condition.  It is therefore,

ORDERED AND ADJUDGED, that Defendant's motion for summary judgment is granted, and this case is dismissed.  A separate judgment will be entered.

SO ORDERED, this the 14th of July, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE